UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYVELL VANN,  <br>     Plaintiff, | ) <br> ) <br> ) |
| vs. | ) Case No. 22-1230 <br> ) |
| OFFICER T. GARRETT, et.al.,  <br>     Defendants | ) <br> ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff is a *pro se* prisoner who claims his constitutional rights were violated at the Federal Correctional Institution (FCI) in Pekin, Illinois. Plaintiff has filed his lawsuit pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

Plaintiff has identified six Defendants including Officer T. Garrett, Warden Entzel, Warden Segal, Assistant Warden Culler, Assistant Warden Johnson, and Officer Girrodd. Plaintiff says on October 22, 2019, Defendant Garrett confiscated his mattress forcing him to sleep on "a slab of steel" which caused back pain. (Comp, p. 4). A nurse

1

examined Plaintiff due to his complaints of pain and his mattress was replaced the next day.

Plaintiff says Defendant Garrett did not have any justification for taking his mattress or retaliating against him. Based on this incident, Plaintiff alleges "mental anguish, pain and suffering, permanent injury, medical neglect, deliberate indifference, and staff retaliation." (Comp., p. 4). Plaintiff asks for damages against each Defendant stating each was "directly involved or indirectly as to their development of the atmosphere that was created as to their supervisory skill." (Comp., p. 5). Plaintiff also requests punitive damages.

Plaintiff has failed to articulate a claim upon which relief can be granted. First, Plaintiff's claims are barred by the two-year statute of limitations period. "The statute of limitations for *Bivens* claims against federal officers is the same as for §1983 actions against state officers." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Since Plaintiff's claims took place in Illinois, he is subject to a two- year statute of limitations period. *See* 735 ILCS 5/13-212. ! The clock began to run when Plaintiff knew or had reason to know of the injury which formed the basis of his claim. *See Woidtke v. St. Clair County, Illinois*, 335 F.3d 558, 562 (7th Cir. 2003); *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Therefore, the statute of limitations period began on either October 22 or 23 of 2019, but Plaintiff did not file his complaint until nearly three years later on July 11, 2022. Therefore, the Court must dismiss this lawsuit. *See Dickens v. Illinois*, 753 F. Appx 390, 392 (7th Cir. 2018)(court may consider an affirmative defense at screening, such as the statute of limitations period, when issue is evidence from the face of the pleadings)

Second, even if the Plaintiff had timely filed his complaint, there are other problems with his allegations. For instance, Plaintiff does not explain how any Defendant except Officer Garrett was involved. Plaintiff simply suggests the other Defendants were supervisors, but this job title alone is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions pursuant to *Bivens. See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). "There must be individual participation and involvement by the defendant." *Id.* at 757.

In addition, Plaintiff does not provide a factual basis for his retaliation claim. A plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff has also failed to articulate a deprivation that rises to the level of a constitutional violation based on sleeping without a mattress for one night. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (no Eighth Amendment claim stated by allegation that inmate had to sleep on the floor for one night); *Winston v. Kingston,* 2004 WL 502027, at *3–4 (W.D.Wis. March 11, 2004)("the deprivation of a mattress may not violate the Constitution if the deprivation is a short one.").

Plaintiff has further failed to articulate an Eighth Amendment claim based on deliberate indifferent to a serious medical condition. Assuming Plaintiff's back pain

was a serious medical condition, he admits he saw a nurse and the mattress was replaced the next day.

Finally, Plaintiff refers to "medical neglect," but negligence or even gross negligence does not rise to the level of a constitutional violation. *See Giles v. Tobeck,* 895 F.3d 510, 513 (7th Cir. 2018). If Plaintiff instead intended to allege the state law tort of medical malpractice, he has not named any Defendant who was responsible for providing medical care, nor does he allege he was denied medical care. More important, since Plaintiff has failed to articulate any federal claim, this Court declines to exercise jurisdiction over any state law claim. Therefore, Plaintiff would have to file his complaint in state court and Plaintiff is admonished any medical malpractice claim filed in state court must comply with the requirements of the Illinois Healing Arts Malpractice statute. *See* 735 ILCS 5/2-622 *et. seq.*

For the reasons stated, Plaintiff's complaint is barred by the statute of limitations period.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed as his claims are barred by the two-year statute of limitations period. This case is closed.

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff

plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 4th day of November, 2022.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE